**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**ANGEL L. DE JESUS-MARTINEZ**,

  Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY**,

  Defendant.

**CIVIL NO. 04-2227 (JAF)**

**REPORT AND RECOMMENDATION**

This case at bar was brought before the Court pursuant to the Social Security Act's[1] ("Act") judicial review provision, which expressly authorizes any individual who requests disability benefits from the Commissioner of Social Security, but whose request has been denied, to seek review of said decision pursuant to 42 U.S.C. § 405 (g). After reviewing the transcript of the record and the parties memoranda of law (Docket Nos. 9 and 11), the Court **RECOMMENDS** that case be **REMANDED**.

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner of Social Security's denial of disability benefits is limited in scope. The Court's only tasks are to ensure that the final decision is supported by substantial evidence and whether the correct legal standard was used. 42 U.S.C. § 405 (g); see Seavey v. Barnhart, 276 F. 3d 1, 9 (1st Cir. 2001). The term "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). If the Court finds the determination to be supported by substantial evidence of record, the Commissioner's findings must be upheld, even if the Court disagrees with them or, had found otherwise under a *de novo* standard of review. See Lizotte v. Secretary of Health and Human Servs., 654 F. 2d 127, 128 (1st Cir. 1981). However, the Commissioner's findings are not conclusive "when derived by ignoring evidence, misapplying the

---

[1] 42 U.S.C. § 405 *et seq.*

**CIVIL NO. 04-2227 (JAF)**                2

law, or judging matters entrusted to experts." <u>Nguyen v. Chater</u>, 172 F.3d 31, 35 (1st Cir. 1999).

## II. FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After evaluating the evidence of record, the Administrative Law Judge ("ALJ") made the following findings (Tr. 21-22) in his decision denying plaintiff disability benefits:

1. The claimant met the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act at the alleged onset date of disability and was insured for benefits through December 31, 2000.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's back disorder and spondylosis were considered "severe" based on the requirements in the Regulations 20 C.F.R. §404.1520 (c).

4. These medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. For the period at issue, the claimant has the residual functional capacity to lift, carry, push and pull a maximum of twenty pounds at a time and frequently lift or carry up to ten pounds, stand and walk for five hours and sit for six hours in an eight-hour work period alternating postural positions at will. The claimant retained the capacity to perform simple, routine and repetitive tasks in a sustained manner.

7. The claimant was unable to perform any of his past relevant work 20 C.F.R. § 404.1565).

8. The claimant was a "younger individual between the ages of 18 and 44" (20 C.F.R. 404.1563).

9. The claimant has a "high school (or high school equivalent) education" (20 C.F.R. § 404.1564).

**CIVIL NO. 04-2227 (JAF)**                              3

    10.    The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 404.1568).

    11.    For the period at issue, the claimant had the residual functional capacity to perform a significant range of light work (20 C.F.R. § 404.1567).

    12.    Although the claimant's exertional limitations did not allow him to perform the full range of light work, using Medical-Vocational Rule 202.20 as a framework for decision-making, there were a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as electronic worker, existing 930 in Puerto Rico and 285 in the area where the claimant lived, and small products assembler II, existing 1,300 in Puerto Rico and 280 in the area. Both jobs were light in physical demands and unskilled in functions and allowed the claimant to alternate postural positions at will.

    13.    On or before December 31, 2000, the date when he was last insured, the claimant was not under a "disability," as defined in the Social Security Act (20 C.F.R. § 404.1520 (g)).

### III. PLAINTIFF'S ARGUMENT ON ADMINISTRATIVE REVIEW

Plaintiff Angel L. De Jesús-Martínez ("De Jesús-Martínez") alleges on administrative review that the Commissioner's ruling is not supported by substantial evidence. *Plaintiff's Memorandum of Law*, p. 2-6 (Docket No. 11). In addition, De Jesús-Martínez alleges that her complaints of pain were not adequately addressed. Id., 7-9.

### IV. LEGAL ANALYSIS

As stated above, the standard of review of the Commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). In reviewing the record for substantial evidence, the Court is guided by the mandate that "issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Secretary." Richardson, 402 U.S. at 399. The resolution of conflicts in the evidence and the determination of the ultimate question of disability is for the Secretary, not for the

**CIVIL NO. 04-2227 (JAF)**                4

doctors or for the Courts. Id.; see also Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 128 (1st Cir. 1981); Rodríguez, 647 F. 2d at 222; Alvarado v. Weinberger, 511 F.2d 1046, 1049 (1st Cir. 1975) (per curiam).

The Commissioner ultimately denied De Jesús-Martínez' request for benefits, concluding that his Residual Functional Capacity ("RFC") assessment, along with the testimony of a vocational expert, evidenced his ability to perform "a significant range of light work". (Tr. 22). In so doing, the ALJ, and hence the Commissioner, based his conclusions on an RFC performed by a non-examining physician (Tr. 249), a practice frowned upon by the First Circuit. See Browne v. Richardson, 468 F. 2d. 1003 (1ST Cir. 1972). Where a claimant, as here, has objective medical symptoms of disability, the ALJ is required by the law of this Circuit to rely on the RFC evaluation of a treating or examining medical expert. See Heggarty v. Sullivan, 947 F. 2d. 990, 997 n. 1 (1ST Cir. 1991); Rivera-Figueroa v. S.H.H.S., 858 F. 2d. 48, 52 (1ST Cir. 1988); Rivera-Torres v.S.H.H.S., 837 F. 2d. 4, 7 (1ST Cir. 1988).

In the case at bar, the record contains vast evidence as to De Jesús'-Martínez' lumbar spondylosis and the resulting pain. (Tr. 165, 168, 172, 178-79, 184, 262, 291, 297). The medical evidence also establishes that De Jesús-Martínez suffered from anterior osteophytosis, facet hypertrophy, and neural foraminal encroachment at the L5-S1 level. (Tr. 168). Moreover, the record clearly shows that the claimant experienced pain to pressure of the back muscles, inhibited trunk flexion, muscle spasms, and gait problems. (Tr. 172, 262, 293, 295). In light of these symptoms, the ALJ was required by First Circuit case law to base his RFC assessment on the opinion of a treating or examining physician, which he did not.

Moreover, the denial of benefits does not adequately address De Jesús-Martínez' complaints of pain, which were sufficiently supported by the above-mentioned evidence. Instead, the ALJ merely brushed aside said allegation, based on the claimant's alleged ability to perform every-day activities, such as receiving visitors and watching television. (Tr. 19). The Court opines that the evidence of record required a more developed explanation as to what basis was considered by the ALJ to discredit the seemingly overwhelming evidence to the contrary. This explanation must take

**CIVIL NO. 04-2227 (JAF)**　　　　　　　　5

into consideration a proper RFC assessment, which was lacking here.

## V. CONCLUSION

After reviewing the appellant's administrative record, the ALJ's findings, the parties memorandum of law (Docket Nos. 9 & 11), and the applicable law, the Court finds that the Commissioner's denial of benefits and a period of disability was not supported by substantial evidence in so much as the record does not contain an RFC performed by an examining/treating physician, and De Jesús-Martínez' allegations of disabling pain were not properly addressed in the ALJ's denial.  Consequently, the Court hereby **RECOMMENDS** that the case be **REMANDED** so that the Commissioner for further proceedings consistent with the Court's findings.

Under the provisions of 28 U.S.C. § 636 and Rule 72 (d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F. 2d 22, 30/31 (1st Cir. 1992).

**IT IS SO RECOMMENDED**

　　　　　　　　　　　　　　　　　　　　　　　　　S/ Gustavo A. Gelpí
**Date: April 15, 2005**　　　　　　　　　　　　　　**GUSTAVO A. GELPI**
　　　　　　　　　　　　　　　　　　　　　　　　　**U.S. Magistrate Judge**