|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| ANGEL L. DE JESÚS-MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY,<br><br>    Defendant. | Civil No. 04-2227 (JAF) |

**O R D E R**

Plaintiff Angel De Jesús-Martinez brings this motion against Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner"), for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2006). For the reasons stated below, we grant Plaintiff's motion.

On November 5, 2004, Plaintiff filed a complaint in federal district court seeking review of the Commissioner's decision denying Plaintiff disability benefits. Docket Document No. 2.

On May 6, 2005, we determined that the Commissioner's decision was not supported by substantial evidence because the Commissioner had denied Plaintiff benefits based on a residual functional capacity (RFC) assessment performed by a non-examining physician, despite extensive evidence of Plaintiff's disabling pain. Docket Document Nos. 14, 15. We remanded the case to the Commissioner, instructing him to include an RFC assessment performed by an examining physician

Civil No. 04-2227 (JAF)                                                         -2-

as evidence to support his decision. Id. Plaintiff's attorney continued to represent him in the subsequent administrative proceedings. Docket Document No. 17, exhibit 1.

On May 30, 2007, Plaintiff filed the present motion for attorneys' fees. Docket Document No. 17. Plaintiff requests reimbursement for fifty-four hours of attorneys' fees, at a rate of $125 an hour. Id. Twenty-three hours and thirty minutes of the request represents work completed after the remand. Id. Defendant opposed Plaintiff's motion on June 12, 2007, Docket Document No. 18, and Plaintiff replied on June 13, 2007, Docket Document No. 19.

The EAJA provides for mandatory reimbursement of attorneys' fees to parties that prevail in civil proceedings against the United States, unless the court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A)(2006). The government bears the burden of demonstrating substantial justification. Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001). Defendant Commissioner of Social Security represents the United States.

Here, Defendant has made no attempt to demonstrate that its position was substantially justified. Docket Document No. 18. Moreover, we see no independent reason to find that Defendant's position was justified. The First Circuit has repeatedly held that benefits decisions must include evaluations by examining physicians when a claimant exhibits objective symptoms of a disability. See

Civil No. 04-2227 (JAF)                                                -3-

Hegarty v. Sullivan, 947 F.2d 990, 997 n.1 (1st Cir. 1991); Rivera-Figueroa v. Sec'y of Health & Human Servs., 858 F.2d 48, 51-52 (1st Cir. 1988); Rivera-Torres v. Sec'y of Health & Human Servs., 837 F.2d 4, 6 (1st Cir. 1988); Berrios v. Sec'y of Health & Human Servs., 796 F.2d 574, 576 (1st Cir. 1986). Here, the Commissioner considered only an RFC assessment by a non-examining physician, although Plaintiff exhibited objective symptoms of disabling pain. Docket Document Nos. 14, 15. We, therefore, find that the Commissioner's decision was not substantially justified, and Plaintiff is entitled to attorneys' fees under the EAJA.

Defendant argues that we should not compensate Plaintiff for work performed by his attorney following the remand because the EAJA only provides for such compensation when the court remands without ruling on the merits. Docket Document No. 18 (citing 42 U.S.C. § 405(g)(2006)).

Upon review of a Social Security case, a district court may: (1) enter a judgment on the merits, and remand for further administrative proceedings consistent with the judgment; or (2) remand for the consideration of new evidence. 42 U.S.C. § 405(g). Plaintiffs may receive attorneys' fees only for work performed after the second type of remand. Melkonyan v. Sullivan, 501 U.S. 80, 97-98 (1991); Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993); Rivera Baez v. Sec'y of Health & Human Servs., 832 F.Supp. 28, 29 (D.P.R. 1993) (applying Schaefer).

Civil No. 04-2227 (JAF)                                                     -4-

Defendants argue that Plaintiff is not entitled to attorneys' fees for work performed after the remand because our finding that the Commissioner's denial was not supported by substantial evidence constituted a judgment on the merits. Docket Document No. 18. However, in our remand order we found that the denial was not supported by substantial evidence because of the lack of a proper RFC assessment. Docket Document Nos. 14, 15. We, therefore, remanded for consideration of new evidence, without ruling on the merits. See Vigo Ramos v. Comm'r of Soc. Sec. Admin., 241 F.Supp.2d 139, 142 (D.P.R. 2003); Morales Colón v. Comm'r of Soc. Sec., 245 F. Supp. 2d 395, 400-01 (D.P.R. 2005). Therefore, we grant Plaintiff attorneys' fees for work completed both before and after the remand. See Schaefer, 509 U.S. at 294-97.

For the reasons stated herein, we **GRANT** Plaintiff's motion for attorneys' fees, Docket Document No. 17. We hereby order Defendant to pay Plaintiff $6,750 for fifty-four hours of attorneys' fees, at a rate of $125 per hour.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of September, 2007.

                s/José Antonio Fusté
                JOSE ANTONIO FUSTE
                Chief U. S. District Judge